IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  | |
|---|---|---|---|
| LAMAR GIBSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| vs. | ) | 2:19-cv-8005-LSC | |
| | ) | (2:08-cr-00309-LSC-TMP-2) | |
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OF OPINION AND ORDER**

This action is before the Court by order of the Eleventh Circuit remanding the limited issue of whether Petitioner, Lamar Gibson ("Gibson"), is entitled to a reopening of the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). For the following reasons, the Court concludes that Gibson is eligible for and due to receive Rule 4(a)(6) relief.

**I.    Background**

On September 10, 2021, this Court dismissed Gibson's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 in a memorandum of opinion and final judgment, both of which were mailed to the prison address provided by Gibson, which was the United States Penitentiary in Atlanta, Georgia.

...

(*See* docs. 12 & 13.) On November 1, 2021, the service copy was returned to the Court as undeliverable. (Doc. 14.)

Gibson had 60 days to file his notice of appeal from this Court's dismissal of his case, or until November 9, 2021. *See* 28 U.S.C. § 2107(b) (requiring a notice of appeal to be filed within 60 days after entry of judgment when the United States government is a party); Fed. R. App. P. 4(a)(1)(B)(i) (same). Gibson did not file a notice of appeal until March 1, 2022. (Doc. 15.) As such, the Eleventh Circuit determined that his notice of appeal was untimely. *See* Fed. R. App. P. 4(c) (stating that an inmate confined in an institution's notice of appeal is timely if it is placed in the institution's internal mail system on or before the last day for filing). However, Gibson attached to his notice of appeal a motion to reopen the time to appeal pursuant to Fed. R. App. P. 4(a)(6). (Doc. 15.) The Eleventh Circuit remanded for this Court to determine whether Gibson is eligible for, and should be granted, Rule 4(a)(6) relief. The Eleventh Circuit quoted *Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997), which states, "[W]hen through no fault of his own, a *pro se* litigant does not receive notice of the order from which he seeks to appeal, it would be unjust to deprive him of the opportunity to present his claim to this court."

**II.   Discussion**

The statutory time limit for filing a notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107. "When a final decision is entered on a § 2255 motion, the time for filing a notice of appeal is governed by Federal Rule of Appellate Procedure 4(a)(1), which provides that the notice of appeal must be filed within 60 days of entry of final judgment." *Perez v. United States*, 277 F. App'x 966, 967 (11th Cir. 2008) (citing *Sanders*, 113 F.3d at 186 n. 1). A district court may not extend the time to file a notice of appeal, except as authorized by Fed. R. App. P. 4. *See* Fed. R. App. P. 26(b)(1).

Gibson claims that he did not receive notice of this Court's dismissal of his case within the time to appeal because he was transferred to another institution. (Doc. 15 at 4.) Specifically, he states that he was transferred to the United States Penitentiary in Lompoc, California, on July 29, 2021. *Id.* at 5. He claims that he only learned of the dismissal of his case by researching his case in the prison law library. *Id.* at 4.

A movant in a civil case may move for an extension of time to file an appeal through two procedural vehicles: Fed. R. App. P. 4(a)(5) or 4(a)(6). Subsection (5) of Rule 4(a) permits the district court to extend the time to file a notice of appeal if a party moves no later than 30 days after the time prescribed by Rule 4(a) expires and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Subsection (6) of Rule 4(a), on the other hand, applies only in cases where the district court finds that the movant did not receive notice under Fed. R. Civ. P. 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry. Fed. R. App. P. 4(a)(6).[1] In those circumstances, subsection (6) of Rule 4(a) permits the district court to reopen the time for filing an appeal for a period of 14 days after the date when its order to reopen is entered but only in two further circumstances: (1) if the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, whichever is earlier; and (2) no party will be prejudiced. Fed. R. App. P. 5(a)(6).

Gibson explicitly states that his motion is filed under Fed. R. App. P. 4(a)(6), not 4(a)(5). Further, the Eleventh Circuit explained in *Sanders* that Fed. R. App. P. 4(a)(6), with its more "liberal provisions for extensions of time" than Rule 4(a)(5), governs in circumstances like the one present here. *See* 113 F.3d at 186–87 ("[W]e hold that when a *pro se* appellant alleges that he did not receive notice of the entry of judgment or order from which he seeks to appeal within twenty-one days of its entry,

---

[1] Fed. R. Civ. P. 77(d) provides that a district court clerk must notify all parties not in default "[i]mmediately upon the entry of an order or judgment." The Rule goes on to state, however, that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d).

we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of whether the appellant merits an extension under that rule.").

Gibson satisfies the three elements to reopen his time to appeal under Fed. R. Civ. P. 4(a)(6). As explained above, in order to reopen the time for filing an appeal under this rule, the court must find, first, that the moving party did not receive official notice from the clerk of court of the entry of the judgment within 21 days after entry. *See* Fed. R. App. P. 4(a)(6)(A). Here, the record makes clear that Gibson did not receive official notice of the judgment within 21 days after entry because his service copy was returned by the postal service to the court as undeliverable. Second, the court must find that the motion to reopen was filed within 180 days after the entry of judgment or within 14 days after the moving party received notice of the judgment's entry from the clerk of court under Fed. R. Civ. P. 77(d), whichever is earlier. *See* Fed. R. App. P. 4(a)(6)(B). Here, Gibson's motion to reopen the time for filing an appeal was filed on March 1, 2022, which was just within the 180-day time limit from the September 10, 2021, date that the judgment was entered. Thus, Gibson meets the requirement set forth in Fed. R. App. P. 4(a)(6)(B). Finally, Gibson also meets the requirement set forth in Fed. R. App. P. 4(a)(6)(C) that no party would be prejudiced by reopening the time to file an appeal.

Even if all three conditions are met, the court has discretion to decide whether to reopen the time to appeal. *See* Fed. R. App. P. 4(a)(6) (stating that a court "may" reopen the time to appeal if the above conditions are met). The Court notes that, unlike in some other types of civil actions filed by *pro se* prisoner plaintiffs, this Court did not inform Gibson that it was his responsibility to notify the Court immediately of any change in his address. Although the Court finds that in order to engage in proper prosecution of his case, Gibson should have informed the Court of his change of address, it would be unfair to use his failure to do so as a bar to relief under these limited circumstances.

### III. Conclusion

Accordingly, the Court finds that Gibson is eligible and deserving of Rule 4(a)(6) relief. The Clerk of the Court is hereby **DIRECTED** to return this case, as supplemented, to the Eleventh Circuit Court of Appeals for further proceedings.

**DONE** and **ORDERED** on July 12, 2022.

_____
L. Scott Coogler
United States District Judge

160704